## UNITED DRUG CO. v. THEODORE RECTANUS CO. et al.

(District Court, W. D. Kentucky. July 11, 1913.)

1. TRADE-MARKS AND TRADE-NAMES (§§ 55, 98*)—ADOPTION—PRIORITY OF USE —INJUNCTION.

Complainant's predecessor in business, whose name was "Regis" prior to 1880, adopted the word "Rex" as her trade-mark, and used it in connection with the sale of medicinal preparations made by her and sold for the cure of dyspepsia or other kindred diseases. Complainant in 1900 registered the name as a trade-mark in the Patent Office. Defendant's predecessor, without knowledge of complainant's use of the word,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

adopted the same word as his trade-mark upon another closely related medicinal preparation, which use was continued by defendant until suit was brought; no attempt having been made by it to register the same as a trade-mark. *Held,* that complainant by virtue of the priority of use was entitled to an injunction against the future use of the word "Rex" in connection with the character of preparations put out by it in connection with which it had been previously used, but was not entitled to an accounting of profits against defendant, nor to an assessment of damages for unfair trade.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 63, 112; Dec. Dig. §§ 55, 98.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 84*)—INFRINGEMENT—DEFENSES.

In a suit to restrain defendant's use of the word "Rex" in connection with a medicinal preparation sold in competition with complainant's "Rex" Dyspepsia Tablets, the fact that such tablets were made from drugs which were deleterious, harmful, or worthless, when erroneously prescribed or administered, was no defense.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 93, 97; Dec. Dig. § 84.*]

In Equity. Suit by the United Drug Company against the Theodore Rectanus Company and others. Decree for complainant.

Emery, Booth, Janney & Varney, Laurence A. Janney, and John R. Moulton, all of Boston, Mass., and Wehle & Wehle, of Louisville, Ky., for complainants.

Blakey, Quin & Lewis, of Louisville, Ky., for defendants.

EVANS, District Judge. [1] A very careful consideration of the testimony has led us to the conclusion, and we so find the fact to be, that prior to 1880 Mrs. Ellen M. Regis commenced in a somewhat crude and simple way the use of the word "Rex" as her trade-mark, and that she used it in commerce and trade up to the time when she sold her trade-mark and business to the plaintiff. Since before 1880 these two persons in succession have used the word "Rex" as a trade-mark in connection with a medicinal preparation made by Mrs. Regis, and which trade-mark came to indicate its origin.

Equally clearly, we think, the testimony warrants the finding, and we accordingly find, that Theodore Rectanus (to whose rights, if any, the defendant Theodore Rectanus Company has succeeded) in 1883, through a play upon his own name, adopted the word as his trade-mark upon another, though somewhat closely related, medicinal preparation. The use of this trade-mark has also been continued to this date by Rectanus and the defendant company, which succeeded him. The adoption and use by Rectanus of the word "Rex" as his trade-mark was a perfectly innocent act, done without any knowledge of the trade-mark previously adopted by Mrs. Regis. The trade-mark of the latter was duly registered in the Patent Office in 1900. That of Rectanus has never been registered at all.

In our broadly extended country the separate and independent use of these two trade-marks ran along contemporaneously in widely separated localities, without either of the parties most interested knowing what the other was doing, until a comparatively few months before this

action was brought. The judgment in this case, we think, must necessarily work a hardship upon one or the other of the parties, and possibly upon both. But, notwithstanding that probable result, we are clearly of opinion that the facts stated require us, under the express mandate of the authorities presently to be cited, to hold that the right of the plaintiff to the exclusive use of the word "Rex" in connection with medicinal preparations for dyspepsia and kindred diseases of the stomach and digestive organs must be sustained. The following, among many cases, while requiring that judgment, also show that, while an injunction against the future use of the word Rex in connection with the character of preparations indicated should be granted, no accounting for profits, nor any assessment of damages for unfair trade, need, on the facts found, be decreed: Saxlehner v. Eisner & Mendelson Co., 179 U. S. 19–39, 21 Sup. Ct. 7, 45 L. Ed. 60; Saxlehner v. Siegel-Cooper Co., 179 U. S. 42, 21 Sup. Ct. 16, 45 L. Ed. 77; Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143, 32 L. Ed. 526; McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828.

We also have reached the conclusion that the authorities require us to hold that the articles upon which the defendant Theodore Rectanus Company uses the word "Rex" are sufficiently related to the plaintiff's Rex Dyspepsia Tablets as to bring that use within the reach of the injunctive relief to be awarded. American Tobacco Co. v. Polacsek (C. C.) 170 Fed. 117, and cases cited. And this is so, although one class of preparations are fluids and the other usually solids, though they have sometimes been fluids.

[2] We find that the testimony does not sustain that one of the defenses set up in the answer, to the effect that the plaintiff's Rex Dyspepsia Tablets are made from drugs which are deleterious, harmful, or worthless. The criticism of these drugs went rather to the possibility that they might be erroneously prescribed or administered, but we think the issues in this case cannot properly have anything to do with the wrongful use of the tablets or the drugs they contain. Any poisonous drug, useful though it may be in appropriate doses, would be extremely dangerous, deleterious, and harmful if unwisely or ignorantly prescribed in improper quantities. We think the testimony shows that ox gall is, per se, beneficial in certain cases, and that it is harmful only when ignorantly or unwisely prescribed.

We are of opinion that the testimony is not sufficient to support a judgment against the individual defendants, and the bill, as to them, will be dismissed. We think that the conduct of those defendants in the premises should fairly be imputed to the corporation defendant only. We mean this remark to apply to what they have done up to this date only.

The plaintiff is entitled to a decree enjoining the Theodore Rectanus Company and all its officers, agents, and employés from in any wise using the word "Rex" upon any of the preparations in respect to which they have heretofore used it, and upon any advertisements or dressing of such preparations. The use by said defendant of the word "Rex" upon any preparation for the cure of dyspepsia or kindred diseases of the stomach and digestive organs should also be enjoined. The

judgment, however, should provide that such injunction does not apply to any sale by the defendant Theodore Rectanus Company of the Rex Blood Purifier or the Rex Celery and Iron Compound heretofore made and labeled by it or its predecessor, provided that before such sales, and before any negotiations for such sales, the word "Rex" is utterly and entirely obliterated therefrom. The decree should further provide that the injunction does not in any way prevent the manufacture or sale in the future by said defendant of either of the two last-named preparations, provided that the word "Rex" is not used in connection therewith, nor upon any wrapper or dress thereon, nor in any advertisements thereof.

The plaintiff will recover its costs against the Theodore Rectanus Company. The defendants M. S. Preston, C. A. Dralle, and Otto K. Dietrich will recover any separate costs they may have individually incurred.